## W. A. ROBERTS et al. *v.* W. T. Ross.

**Injunction — Suits at Law.**

A bill to enjoin the prosecution of a suit at law must affirmatively show that the complainant is a party to the suit or that the defendant in the suit is the agent or tenant of the complainant.[1]

**Same — What Bill Must Allege.**

If a compromise is set up as a bar to the right of the plaintiff in the suit at law, the bill must show that plaintiffs were parties to the compromise.

Apellee, Ross, filed this bill in the Chancery Court of Marshall county against W. A. Roberts and Thomas Winborn to enjoin the prosecution of an action of ejectment then commenced

---

1

A court of equity will not, at the instance of the holder of the paramount legal title, restrain the execution of a writ of *habere facias possessionem*, emanating from a judgment in ejectment between other parties. In such a case, the complainant, not being at all affected by the proceedings in ejectment, to which he was no party, may recover possession in another action

in the Circuit Court by Roberts to recover possession of certain land described in the bill. , From a decree overruling a demurrer to the bill and amended bill, defendants appeal.

The bill alleges that complainant was the sole surviving heir of W. H. Ross, who died in 1878 intestate; that said Ross and Thomas Winborn were the joint owners of the north half of lot No. 10 in Holly Springs, and that Ross, with the knowledge and consent of Winborn, put valuable improvements on the lot at his own expense; that this was done under an agreement between them that Ross should be fully reimbursed out of the rents of the property; that said Winborn was largely indebted to said Ross on account of an unsettled partnership business; that W. H. Ross paid the taxes .on said property for many years, and expended large sums in paying insurance premiums on the property, and that, after allowing Winborn all just and proper credits, including the full value of his interest in the lot, he is largely indebted to said Ross, which, complainant charges, is a lien on the said property; that some time after the improvements were put on the lot said Winborn conveyed his interest in it to W. A. Roberts, who filed a bill in chancery against said Ross and Winborn, setting out the agreement between them in regard to the property and the improvements, and praying for an accounting between

of ejectment, against whoever may be in possession. Nor can the defendant, in such a judgment, restrain the execution of it by attorning to the holder of the paramount legal title, and receiving possession from him. Harper *v.* Hilt, 35 Miss. 63.

In an action of replevin, where a party appears and defends the suit, in a justice of the peace court, and makes bond and appeals to the Circuit Court from an adverse judgment, and was all along treated as a party, an objection made for the first time in a motion for a new trial in the Circuit Court is without merit, even though the affidavit on which the writ is issued does not name them. Eakin *v.* Gwin, 1 Miss. Dec. 30, and cases cited in note 1.

"No injunction shall be granted to stay proceedings in any action, or upon any judgment at law, unless the chancellor shall be satisfied of the complainant's equity, by oath made of the truth of the allegations of the bill, or by other means." Code of 1871, § 1043. See also Code of 1880, § 1903; Code of 1892, § 557; Code of 1906, § 608.

Separate actions to recover damages against the complainant where the plaintiffs have no common interest except in the questions of law and fact involved, and where they could not be proceeded against by complainant separately, will not be enjoined. Tribette *v.* R. R. Co., 70 Miss. 182; 12 So. 32.

them, which bill was dismissed, and since the dismissal of that suit said Roberts has brought an action of ejectment in the Circuit Court to recover possession of the said property, and will prosecute the same to judgment unless restrained by injunction; the prayer is for an injunction restraining said Roberts from prosecuting his action of ejectment, and, upon the hearing, that an account be taken to ascertain the balance due Ross. A demurrer to this bill was sustained, and complainant amended his bill by adding that on the 8th day of August, 1887, there was pending certain litigation in the Chancery Court of Marshall county between T. J. Malone and J. H. Watson, in his own right, and as solicitor for sundry parties, involving the title to the lot in controversy; that on that day said suits and litigation were compromised and settled, and in the settlement all claims, right, title, and interest in said lot, legal and equitable, were abandoned and surrendered to said Malone and complainant, as the assignee of said Malone, and to complainant's father, W. H. Ross, which settlement was signed by said Malone and Watson, and a copy of the agreement is made an exhibit to the bill; that at the time of said settlement there was a bill pending in the court by said Watson, as solicitor, asserting a claim to a half interest in said lot against W. H. Ross, but whether that bill was exhibited by defendants, Roberts and Winborn, or other parties represented by Watson, complainant cannot say definitely, but whether by the defendants or not, and if the identical bill then pending, and which was to be dismissed according to the provisions of the compromise, was not then in their names as complainants, there had been previously a bill pending in the name of said defendants, or by W. A. Roberts, asserting a claim to a portion of said lot as vendee of said Winborn for an account to show the interest of Winborn; but whatever may be the facts as to this, complainant charges that by the settlement of August 8, 1877, all the right, title, interest, and claim, of whatever kind, and in favor of any and all persons who had formerly been or were then clients of said J. H. Watson, were abandoned and surrendered to complainant; that prior to the erection of said improvements the said lot was owned jointly by W. H. Ross and Thomas Winborn as co-partners.

Appealed from Chancery Court, Marshall county, A. B. Fly, Chancellor.

Reversed, January 17, 1881.

*Attorney for appellants, J. H. Watson.*

*Attorneys for appellee, Featherston & Harris, and Strickland & Wooten.*

Brief of J. H. Watson:
* * * It nowhere appears from the bill or amended bill that the complainant (appellee) is a party to the proceeding sought to be enjoined. That a court of equity will not interfere by injunction to restrain proceedings at law in behalf of one not a defendant or in privity with the defendant, is, we think, well settled. High on Injunction, p. 34, § 50, referring to New York *v.* Connecticut, 4 Dallas, 1; Harper *v.* Hill, 35 Miss. 70.

An injunction to restrain proceedings at law is granted solely upon the ground that an unfair use is being made of the legal forum, under circumstances of which equity alone can take cognizance, and that, unless the proceedings are restrained, an injury will be committed wholly remediless at law. High on Injunctions, pp. 39-40, § 44.

We are at a loss to understand how it can be made to appear that a complainant will be irreparably injured by proceedings at law unless it be made to appear at the same time that he is a party to those proceedings, or in such privity with the parties that he will be bound by the result.

Second. It does appear, from the bill and the amendment, that complainant's remedy at law is and was full, adequate, and complete. Now, the only new matter set up by the amended bill is a surrender and release by Roberts of all his interest, both legal and equitable, to the property he was seeking to recover in the ejectment suit. To justify the intervention of a court of equity by injunction to restrain proceedings at law, it must be shown that the party seeking the injunction has no defense of which court of law can take cognizance. * * *

Brief of Featherston & Harris, Strickland & Wooten:
* * * By reference to Exhibit A to amended bill, it will be seen that on the 8th of August, 1877, James H. Watson, as attorney, and in his own right, agreed and bound himself to dismiss

the bill then pending against the storehouse and lot on the west side of Court Square in Holly Springs, the identical property involved in this litigation. On that day, and by that agreement, there was a general settlement and adjustment of all matters of difference between Watson, in his own right and as attorney for others, and W. H. Ross, or rather with T. J. Malone, as the friend and brother-in-law of Ross. The bill referred to in the agreement of the 8th of August was, as in the case under consideration, a bill filed by Roberts, one of the present appellants, as vendee of his co-appellant, Winborn; while, in this case, Winborn is made a co-complainant with Roberts. The bill filed by Roberts and Winborn referred to, was, in pursuance of the agreement of August 8th, dismissed on the 9th day of August, 1877, by complainants, as the record shows, just one day subsequent to said agreement. Watson was solicitor and perhaps interested in that case and in this. At all events, it was dismissed in accordance with said agreement. Now, then, will the idea for one moment be tolerated by a court of conscience or equity—the two terms being sometimes strangely considered as synonymous—that Roberts can, in direct violation and evasion of said agreement, institute an action of ejectment to recover the very property at which his bill was aimed, and which he bound himself to dismiss, and did dismiss? Roberts does not pretend that Watson exceeded his authority in dismissing said bill; on the contrary, he admits it by the demurrer filed in this cause.   *    *    *

If the agreement of August 8, 1877, should be altogether ignored, the bill and amended bill make a case which unquestionably required the interposition of a court of equity in order that full justice may be done according to the case made and presented.

In addition to the above principles, supported by authority, we beg leave to submit the following suggestions: In regard to the different points made in the demurrer, the bill and amended bill assuredly make a case which entitled complainant in a Court of Chancery to relief. They show the necessity for an account, and that the demurrants, by specific allegations in the bill and amended bill, were guilty of fraud, by the prosecution of a suit in another forum, for the identical property which had been abandoned after the settlement of the 8th of August, 1877, and which constituted a part of said settlement, and, by the suppres-

sion of testimony (the book of account of W. H. Ross) necessary to complainant's case, charged to be in possession of demurrants. &ast; &ast; &ast;

If appellee, as alleged, is not a party to the ejectment suit, he is the only heir and successor of W. H. Ross, and beneficiary of the settlement made with T. J. Malone, which allegations are clearly made in the bill and amended bill, and admitted by the demurrer, certainly entitle him to a status in a Court of Chancery.

If he is entitled to relief according to his allegations, growing out of the facts alleged, this relief cannot be obtained in the ejectment suit. The legal questions arising belong exclusively to chancery jurisdiction. &ast; &ast; &ast;

OPINION.—*Per curiam:*

Both the original and amended bill seek to enjoin an action at law, to which the complainant is not alleged to be a party, and, indeed, to which it affirmatively appears that he was not a party. Neither is it alleged that the defendant in the ejectment suit was the agent or tenant of the complainant, nor does it appear how the rights of the latter would be concluded or affected by a judgment in the ejectment suit. Without some allegations on this subject, the bill cannot be maintained. It does not sufficiently appear that the parties plaintiff in the ejectment suit were parties to the compromise agreement set up in the amended bill as a bar to its prosecution. It is intimated that they were or may have been parties to it. This is not sufficient. The compromise constitutes no bar unless entered into by them, or their duly authorized agent; and, if so entered into, it would seem that it might be pleaded at law, if complainant had, or was entitled to have, a *locus standi* in that litigation. At all events, in order to set it up here, it must be unequivocally alleged that the defendants were directly or equitably parties to it and bound by it. The house and lot in controversy are not with sufficient distinctness charged to have been partnership property of the firm of Ross & Winborn. It is difficult to tell from the allegation whether the intent was to charge that it was partnership property or held by the parties as tenants in common. A distinct allegation on this subject is necessary.

The bill must be amended in the particulars indicated before

it can be maintained. We express no opinion upon the merits of the controversy in advance of such amendments.

*Decree reversed,* demurrer sustained, with leave to complainant to amend within sixty days.